## VALIDITY OF JUDGMENTS AGAINST MEMBERS OF BENEFICIAL ORGANIZATIONS.

Court of Appeals for Wood County.

WILLIAM MUNN v. HENRY M. BARFIELD, RECEIVER.

Decided, December 5, 1914.

*Mutual Benefit Societies—Judgments Against Individual Members— Secured in an Action Against the Society—Are Valid and Enforcible, When—Complaint of Denial of a Day in Court Does Not Lie, When.*

1. A subscription to membership in a beneficial organization is equivalent to a power of attorney to the association to appear and act and be bound in the place of the said member in respect to the corporate functions of the association, and a judgment against an individual member for unpaid assessments to pay death losses, obtained against the association by a beneficiary acting for herself and all other beneficiaries similarly situated and entitled, is a valid judgment until met by the defense that the alleged debtor was not a member of the association at the time the liability arose, or that he has paid the assessment, or has a set-off against it.
2. The expression "a day in court" means simply that there has been due process of law with respect to notice to defendant and an opportunity to be heard, and complaint of denial of his right to a

day in court does not lie in the mouth of one who has been haled into court and given an opportunity to present a defense, but had none to offer which went to the merits of the case pending against him.

GRANT, J.

This petition in error asks for the reversal of the judgment of the court of common pleas.

The parties stand here, as to position, in the inverse order of their standing in the court below, but to avoid confusion they will be designated in the opinion as they were there.

The action in the first instance was brought before a justice of the peace and in that court the defendant prevailed. Upon an appeal had and issues joined by pleadings in the court of common pleas, the cause came to a trial to a jury. At the conclusion of the plaintiff's evidence the defendant moved for a direction to the jury to return a verdict in its favor, which was refused, and he excepted. The defendant then offered some testimony, which upon objection made was rejected, and on motion of plaintiff the court thereupon instructed the jury to return a verdict for him, which was done, and the defendant saved his exceptions. A motion for a new trial was seasonably made and denied. Whereupon judgment was entered upon the verdict. To all of which also exceptions were duly taken. The action of the trial court in taking these various steps is assigned as error, upon which this proceeding is prosecuted.

Reduced to its lowest terms the complaint is this, for substance: The defendant was a member of the Northwestern Ohio Masonic Relief Association, a statutory beneficial organization, and as such he was subject to assessments to meet death losses as the same might accrue. While he was such member and so liable, certain deaths did occur and assessments in that behalf were duly made. Upon default for payment of these losses an action was begun in the courts of Lucas county by a beneficiary entitled to be paid the avails of an assessment, against the association and its trustees, on her own behalf and on the behalf as well of all others similarly situated and entitled, the object of

which, among others, was to have found the number and amount of such unpaid assessments, the reduction of the same to judgment, the ascertainment of the members liable to contribution to the payment thereof and the amounts of their several liability in that behalf, the levy of an assessment, ratably, upon each liable member, and the appointment of a receiver to enforce collection, the association and its trustees and officers having failed to do so.

In that cause such proceedings were then had that the allegations of the petition were found to be true and the relief prayed for was allowed, and the plaintiff in this action was appointed receiver and clothed with adequate authority to begin and prosecute it to effect in all proper jurisdictions, the defendant having been found in the suit of origin to be liable in the amount sued for here.

In this suit the plaintiff declared on the finding and judgment of the Lucas county court, setting out the proceedings *in extenso,* with proper exemplification, in his petition, all of which he proved on the trial.

The defendant's answer was a general denial in manner and form, followed by a perfunctory denial, for alleged want of knowledge, of the proceedings and judgment had in Lucas county. Then he made his real supposed defense, to the effect that he was no party to the Lucas county judgment, for which reason he was in no manner concluded by it, and that in so far as it purported to fasten a money liability on him, it was void.

This asserted nullity of the judgment, so far as it touched him, was the real and sole issue in the case. It amounts to this, as was heard many times in the argument for the defendant at the bar, and which we find repeated in his brief, that the defendant has not had "his day in court." That question settled, and all the complaints lodged in the petition in error here are settled.

When the defendant moved the court for a directed verdict on the plaintiff's evidence, it may, we think, be doubted whether technically he did not then and thereby submit the case to

the court for determination, upon which submission the court, by directing a verdict for the plaintiff,, found, as a matter of law, the issues with the latter for want of defensive evidence, and whether the subsequent tender of evidence by the defendant was seasonable to arrest that consequence.

But as the trial court did not proceed on that footing, but found that the offered testimony constituted no legal defense to the action and was therefore incompetent, and as the point is not relied on here to uphold the judgment complained of, no further observation in this respect is deemed proper.

As to the question really in issue here, we do not think it is open in Ohio.

It was no part of the duty or right of the defendant to make the assessments or to pay them. By becoming a member of the association he surrendered that and consented to be represented in those respects by the association. His subscription to membership amounted to a power of attorney to the association to appear and act and be bound in his place and stead, in these corporate respects and relations. So that, whenever it became necessary to resort to legal compulsion to enforce the performance of the corporate duties of making assessments, he was conclusively there in the person of the association. It is true that he would be there *sub modo* only and vicariously, but effectually there for that purpose. Upon these matters and in this relation, therefore, it can not be said that in the case in hand the defendant has not had his day in court.

If it shall be said that the finding of the Lucas county court cast him in judgment in an amount certain, and that for that reason a personal obligation has been fixed without summons or other process on him, the answer is that in so far as that court proceeded in determining the necessity of the assessments and the duty of making and paying them, the sole right of appearance and defense was with the association in its capacity as the representative of its members. And the consequent function of ascertaining how many members there were was clerical only and sounded *in rem*, so to speak. Given the assessments to be met and the number of the association members, and an arith-

metic does the rest. From those data it is a mere matter of computation to find all that the Lucas county court purported to find, aside from those matters in the action as to which the defendant must be deemed, conclusively, to have been represented by the corporation. So far, he had no day in court because he was entitled to no day. In all that was done there no personal right and no substantive individual defense of his was touched to his hurt. All these were preserved to him, to be asserted at his will whenever he should be haled to court at the foot of a summons to answer to a demand for judgment. Among those rights preserved to him was that of showing that he was not a member of the association at the time the liability to assessment arose, or that he had paid his assessment, or that he had a setoff against it. The court in that action settled none of those things beyond his right of opportunity to assert them, issuably, to a jury.

That the corporation is held to have represented him in the Lucas county action as to the necessity of the assessments, their validity and amount, is not, we think, to be doubted under the law as settled in *Swing, Trustee,* v. *Rose et al,* 75 O. S., 356, without the presence of the defendant in court. The liquidation evidence in that case by premium notes is not to be differentiated from that which resulted in this case from the legal maturing of the death losses.

With those matters adjudicated, all else done in the court of Lucas county was clerical only; an adding machine could have done it as well as the court and at less expenditure of mental tissue.

We now approach the master grievance of the defendant urged upon us here. It is that he has not had "his day in court." The expression is often inaccurately used. What really is meant by day in court is due process of law. Two things are essential to it: first, lawful notice; second, opportunity to be heard.

Bearing in mind the rights we have stated which were reserved to him, in the former action, and as to those rights, the defendant has had fulfilled to him both these fundamental con-

ditions of due process of law; he has been summoned to judgment and he has had full opportunity to be heard. Being thus summoned, and having his chance to speak in his answer to the challenge, does it appear that he was not a member of the association? He does not claim it. Does he assert payment by him of his ratable share of the assessments found necessary in the action in which, as to that thing, he was vicariously but still conclusively represented by the corporate association, or a set-off against them? He does not. A consideration by the trial court of anything else offered by him as evidence, would be threshing over old straw or else entirely beside the question.

He has had his day in court. That is to say, he has had due process of law, running to him, personally, and when brought to the bar he has nothing to the purpose to offer. So thought the trial court, and we agree with it. We can not see that any error of substance, to the injury of the defendant, has intervened in this record, nor can we say that in the proceedings substantial justice has not been done.

The judgment complained of, therefore, is affirmed.

WINCH, J., and MEALS, J., concur.